UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Latwanya Gomez,<br><br>　　　　　　　　　Plaintiff,<br>　-v-<br><br>Refrigerated Transfer Carrier LLC,<br><br>　　　　　　　　　Defendant. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Latwanya Gomez ("Plaintiff" or "Gomez"), by Abdul Hassan Law Group, PLLC, her attorney, complaining of Defendant Refrigerated Transfer Carrier LLC ("RTC" or "Defendant"), respectfully alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges that she was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate and/or 1.5 times the applicable NYS minimum wage rate, for such hours over forty in a week, and (ii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover her unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not

receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Latwanya Gomez ("Plaintiff" or "Gomez") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

8. Upon information and belief and all times relevant herein, Defendant Refrigerated Transfer Carrier LLC ("RTC") was a New York for-profit corporation with a principal place of business in Bronx County located at 235 West 233rd Street, Bronx, NY 10463 where Plaintiff was employed.

9. At all times relevant herein, Defendant controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff.

10. At all times relevant herein, Plaintiff was employed by Defendant.

## STATEMENT OF FACTS

11. Upon information and belief, and at all relevant times herein, Defendant was engaged in the freight and distribution business.

12. Upon information and belief, and at all relevant times herein, Defendant employed 30 or more employees.

13. Plaintiff was employed by Defendant August 2020 to on or about March 5, 2024.

14. At all times relevant herein, Plaintiff was employed by Defendant as a manual worker as a delivery person lifting, moving and handling goods and food produce, throughout her workday, etc.

15. At all times relevant herein, Plaintiff was an hourly employee of Defendant, and her last hourly rate of pay was about $21.75 an hour.

16. At all times relevant herein, Plaintiff worked about 45-60 or more hours each week for Defendant, 5 or more days per week - with the exception of about 2-4 weeks each year.

17. At all times relevant herein defendant had a policy and practice of making unlawful deductions from Plaintiffs wages and overtime wages because of damage or lost items, etc. in violation of the FLSA and NYLL, including NYLL 193. These unlawful deductions amounted to about $13,000 and also resulted in an underpayment of wages and overtime wages under the FLSA and NYLL. For example, for the week ending March 10 ,2022 Plaintiff worked at least 8.92 overtime hours ($284.33) but because defendant unlawfully deducted $200 from Plaintiff's wages, Plaintiff was underpaid her overtime wages by $200 for this week which is reflective of other weeks throughout Plaintiff's employment with defendant until 2024.

18. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to

29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

19. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times her regular rate of pay for all hours worked in excess of forty hours in a week.

20. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1). *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

21. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all the hours worked by Plaintiff and did not state all wages earned by Plaintiff, among other deficiencies. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

22. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

23. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

24. At all times applicable herein and upon information and belief, Defendant conducted business in interstate commerce involving the purchase of materials, and other essential supplies for its business.

25. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

26. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

27. At all times applicable herein and upon information and belief, Defendant transacted

business with insurance companies, banks and similar lending institutions outside the State of New York.

28. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

29. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state wage posters as required by 29 CFR 516.4 and 12 NYCRR 142-2.8.

30. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement agencies.

31. The circumstances of Plaintiff's termination and other conditions of her employment are under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

32. "Plaintiff" as used in this complaint refers to the named Plaintiff.

33. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. - Unpaid Overtime

34. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if set forth fully and at length herein.

35. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC 201 et Seq.

5

36. At all times relevant to this action, Defendant was engaged in commerce and/or in the production of goods for commerce and Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

37. At all times relevant herein, Defendant, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

38. At all times relevant herein, Defendant, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## **Relief Demanded**

39. Due to Defendant's FLSA violations, plaintiff is entitled to recover from Defendant her unpaid overtime compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

40. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

41. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

42. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates of at least 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

### Relief Demanded

43. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

44. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 44 above with the same force and effect as if fully set forth at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendant, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

46. At all times relevant herein, Defendant also failed pay required wages by making improper deductions from Plaintiff's wages for alleged damaged/lost equipment and products as also reflected on the pay records – in the amount of about $13,000 or more.

47. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff her unpaid overtime wages, and wage deductions, Plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198.

48. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing defendant to comply with NYLL 195(1).

49. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## Relief Demanded

50. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant her entire unpaid wages, including her unpaid overtime, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

57. Declare Defendant to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the

Regulations thereunder;

58. As to the **First Cause of Action**, award Plaintiff her unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

59. As to her **Second Cause of Action**, award Plaintiff her unpaid overtime wages, wages deductions due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

60. As to her **Third Cause of Action**, award Plaintiff all outstanding wages, including unpaid overtime wages, non-overtime wages, wage deductions, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing defendant to comply with NYLL 195(1) and NYLL 195(3).

61. Award Plaintiff prejudgment interest on all monies due;

62. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

63. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **March 31, 2024**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF