UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Latwanya Gomez,<br><br>                                  Plaintiff,<br><br>-v-<br><br>Refrigerated Transfer Carrier LLC,<br><br>                                  Defendant. | Civ. Action #: 24-CV-02429 (JLR)(GS)<br><br>**ACCEPTANCE OF RULE 68 <u>OFFER OF JUDGMENT</u>** |

**TO:**   Forchelli, Deegan & Terrana LLP
         By: Gregory Scot Lisi, Esq.
         *Counsel for Defendant Refrigerated Transfer Carrier LLC*
         333 Earle Ovington Boulevard, Suite 1010
         Uniondale, NY 11553
         Tel: 516-248-1700
         Email: glisi@forchellilaw.com

        **PLEASE TAKE NOTICE** that Plaintiff Latwanya Gomez pursuant to Rule 68 of the Federal Rules of Civil Procedure, hereby accepts the attached Offer of Judgment of Defendant Refrigerated Transfer Carrier LLC, in the amount of Twenty-Eight Thousand Dollars and Zero Cents ($28,000), in the above-entitled action.

**Dated: Queens Village, New York
        January 27, 2025**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

*/s/ Abdul Hassan*
_____
Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff Latwanya Gomez*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LATWANYA GOMEZ,                                    Civil Action No. 24-cv-2429 (JLR)

                      Plaintiff,

                                                        **R. 68 OFFER IN JUDGMENT**

      -against-

REFRIGERATED TRANSFER CARRIER LLC,

                      Defendant.
-----------------------------------------------------------X

To:
Abdul K. Hassan, Esq.
Abdul Hassan Law Group, PLLC
215-28 Hillside Avenue
Queens Village, NY 11427
T: 718-740-1000
E: abdul@abdulhassan.com

      Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant REFRIGERATED TRANSFER CARRIER LLC ("Defendant") hereby offers to allow judgment to be taken against it for all claims raised in the Complaint dated filed in the above-captioned matter by plaintiff, LATWANYA GOMEZ ("Plaintiff"), for the sum of $28,000.00, inclusive of reasonable costs and attorneys' fees.

      1.     This Offer of Judgment is inclusive of all unpaid wages, liquidated damages, statutory penalties, pre-judgment interest, and attorneys' fees and costs incurred by Plaintiff in relation to this action.

      2.     This Offer of Judgment is made by Defendant to fully and finally resolve all wage and hour claims, which were raised in the complaint, or which could have been raised by Plaintiff against the Defendant and its shareholders, owners, employees, agents, board members, related companies, subsidiaries or affiliates (collectively, "Releasees"). Such claims include, but are not

limited to: (a) claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et. seq. for unpaid minimum wages, overtime, liquidated damages, statutory penalties, attorneys' fees and costs; (b) claims under the New York Labor Law ("NYLL") for unpaid minimum wages, unpaid overtime, unlawful wage deductions, failure to provide wage statements and wage notices, spread of hours pay, liquidated damages, statutory penalties, pre-judgment interest, attorneys' fees and costs; and (c) all other wage and hour statutes in any jurisdiction.

3. This Offer of Judgment is made for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure, and shall not constitute or operate as an acknowledgement or admission of any kind by Releasees that they have: (a) committed any unlawful, unprofessional or unethical practice; (b) violated any federal, state or local statute, regulation; and/or (c) breached any obligation or otherwise incurred any liability to Plaintiff or to any other individual(s) for the reasons alleged in this action.

4. If these terms are accepted, Judgment shall be entered by the Court upon the terms of this Offer of Judgment. Upon notice that the Court has entered Judgment upon the same terms contained in this Offer of Judgment, Defendant shall release the sum of $28,000.00 to Plaintiffs' counsel, within thirty days of entry of judgment, in the following manner:

   a. a check made payable to "LATWANYA GOMEZ" in the amount of NINE THOUSAND ONE HUNDRED SEVENTY THREE DOLLARS AND FIFTY THREE CENTS ($9,173.50) less applicable withholdings, representing payment of unpaid wages due and owing under the FLSA and NYLL;

   b. a check made payable to "LATWANYA GOMEZ" in the amount of NINE THOUSAND ONE HUNDRED SEVENTY THREE DOLLARS AND FIFTY THREE CENTS ($9,173.50) representing payment of alleged, liquidated damages, punitive damages, and statutory interest due and owing under the FLSA and NYLL. Consequently, the Parties agree that Defendants shall report such amount as income to Plaintiff, on an IRS Form 1099 with box #3 checked;

   c. a check made payable to "ABDUL HASSAN LAW GROUP" in the amount of NINE THOUSAND SIX HUNDRED FIFTY THREE DOLLARS AND ZERO CENTS ($9,653.00), representing attorneys' fees ($9,173) and disbursements

($480), to be reflected on an IRS Form 1099 Box 10. By accepting the Rule 68 Offer in Judgement, Plaintiff agree no other attorneys' fees, disbursements and costs are due or owing to Plaintiff or Plaintiff's counsel in connection with this Action.

5. **Tax Characterization:**

(A) For tax purposes, 50% (fifty percent) of payments to Plaintiff pursuant to Paragraph 4 above shall be treated as alleged unpaid wages and 50% (fifty percent) of such payments shall be treated as interest, statutory damages, and/or liquidated damages. Upon signing of this Agreement, Plaintiff shall provide to Defendant completed and executed IRS Forms W-4 and W-9. Plaintiff's counsel shall provide to Defendant's counsel a completed and executed IRS Form W-9. No payment will be issued until all original, executed IRS Forms W-4 and W-9 are tendered to Defendant's counsel.

(B) Payment treated as alleged unpaid wages pursuant to Paragraphs 4(a) shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholdings and the employee's share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2. Payments treated as interest, statutory damages, and/or liquidated damages pursuant to Paragraphs 4(b), shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number on an IRS Form 1099. Payments of attorneys' fees and costs pursuant to Paragraph 4(c) shall be made to Plaintiff's counsel without withholding and reported on an IRS Form 1099 under the payee's name and taxpayer identification.

(C) Defendant shall be responsible for any and all applicable employer tax contributions associated with wage payments, including but not limited to the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages pursuant to Paragraph 4. Any such payroll taxes ordinarily borne by the employer shall be paid by Defendant in addition to the offered amount, and shall not be paid out of the offered amount. Defendant shall not be responsible for: (i) any payroll taxes imposed on employees, (ii) any taxes imposed on the portion of the payments to Plaintiff treated as payment of interest, statutory damages, and/or liquidated damages reported on Forms 1099, or (iii) any taxes imposed with respect to the payment of attorneys' fees to Plaintiff's counsel under this Agreement.

(D) Plaintiff acknowledges and agrees that, except as specified in Paragraph 5(A) and (B), she will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement. Additionally, Plaintiff agrees to indemnify and hold Defendants harmless for any and all federal, state, and local taxes,

interest, charges, assessments, liabilities, damages, amounts and penalties that are due, may become due or are otherwise assessed against Plaintiff and/or Defendants at any time with respect to any portion of the Settlement Amount received by Plaintiff and Plaintiff's Counsel, except for the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages as specified in Paragraph 4 above that she would otherwise be responsible for.

(E) By accepting this Rule 68 offer, Plaintiff's and Plaintiff's counsels acknowledge their independent obligations to pay taxes on the offered amount under applicable law. Plaintiff acknowledges and agrees that by accepting this Rule 68 Offer, she has not relied upon any representations made by Defendant and/or Defendant's representatives concerning the tax treatment of payments provided under this Agreement.

6.   **Other Payments:** Except as provided in this Agreement, no other payments are owed to Plaintiff.

7.   **Release of All Fair Labor Standards Act and New York Labor Law and Wage and Hour Related Claims:** Plaintiff understands and agrees that the offered amount paid by Defendant is in full satisfaction of any and all obligations Defendant may have with respect to Plaintiff's claims for alleged unpaid wages (including but not limited to minimum and/or overtime wages), alleged unlawful wage deductions, "spread-of-hours" pay, liquidated damages, statutory penalties, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, New York State Minimum Wage Orders, and any other applicable wage hour and wage payment laws, rules or regulations, for anything that has occurred up to the date Plaintiff executes this Settlement Agreement. Plaintiff affirms that, other than the claims alleged herein, she has reported all hours he worked while employed by Defendants, and that she has been paid and/or have received all compensation, wages, bonuses, commissions, severance, sick leave, vacation, personal or other paid time off, and/or any other benefits to which she may have been entitled as a result of her employment with Defendants. Plaintiff hereby completely release all wage and hour claims against Defendants and release and forever discharge

Defendants with prejudice to the fullest extent permitted by law from all actions, claims and/or causes of action which Plaintiff, Plaintiff's heirs, executors, administrators, successors and/or assigns may now have or hereafter can, shall or may have against Defendants and their heirs, executors, shareholders, principals, administrators, officers, managers, employees, successors and/or assigns ("Releasees") from the beginning of the world up to and including the day of the date of this Agreement for conduct set forth in the Lawsuit including, claims arising under or pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, New York Labor Law, and its governing regulations or other wage and hour provisions, rules, statutes, orders and regulations.

8. **Full Payment**: Plaintiff acknowledges and affirms that the payments described in Paragraph 4 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel, and are inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses.

9. This offer is made pursuant to Rule 68 of the Federal Rules of Civil Procedure and evidence of this offer is not admissible except in a proceeding to determine attorney fees costs.

10. If this offer is not accepted in writing within fourteen (14) days after it is served, it will be deemed withdrawn.

Dated: January 21, 2025
Uniondale, NY

FORCHELLI DEEGAN TERRANA LLP

By: Gregory S. Lisi
*Attorneys for Defendants*
333 Earle Ovington Boulevard, suite 1010
Uniondale, NY 11553
Tel.: (516) 248-1700